Case number 245839 Nikki Gray et al versus CCA et al. Argument not to exceed 15 minutes per side. Ms. Wendy Liu, you can proceed for the appellant. In the securities class action full deposition transcripts recited and filed for the court's consideration as evidence to support or oppose various motions, including the summary judgment motion. These transcripts are a testimony of four civic officers, including the individual defendants in the case, DOJ officials, and experts hired by the parties. All transcripts were filed entirely under seal, and the district court's results of parties' motions with those records remain entirely under seal. The vast majority of the deposition testimony remains sealed to that. This case presents a question whether the district court's error in designing the errors motion to unseal the transcripts. I say, this court has long recognized a strong presumption in favor of public access to court records. Under this court's precedence, the parties seeking sealing bear the heavy burden to overcome that strong presumption, and only the most compelling reasons, and this court has recognized only three categories of reasons, to overcome the strong presumption. I thought our cases were really clear on this, and I'm just trying to figure out what happened here. I mean, what's your take? I mean, how how does it end up that, I guess, thousands of pages of exhibits to motions filed with the district court are sealed with just motion granted as the explanation? I mean, do you, they'll have their take, but what's your sense of what happened here? My sense of what happened here, and we agree, your honor, that we think that the cases are incredibly clear on this point, and that thousands of pages still remain under seal. My take is that the district court relied on the fact that it had previously granted sealing based on poor civics' assertion of confidentiality. I the sealing standard and the way, way easier rule 26 protective order standard. That's what Shane was. Correct. That's exactly what Shane group was. There are many parallels between this case and the Shane group case. Indeed, this case is also a class action. There's significant public interest in the case, which means that the strong presumption applies and even greater strength These are transcripts that were cited and filed on the docket, and the two reasons that the district court paid for sealing, the court's own interest in encouraging the filing of full transcripts is not a legitimate basis for sealing. Of course, if it's generalized assertion that the transcripts contain confidential information, it's also not a proper basis for sealing the court record at the adjudicated case. Ms. Lewis, if I could interrupt for a second. Let's assume that we agree with you for a moment, and then we want to figure out what do we do. It seems to me there are two choices. One is we just order all of these things to be unsealed, or the other is we set it back, tell the judge that she's supposed to do what Shane group told her that she's supposed to do. Do you have an opinion between those two options? We ask that this court reverse the district court's sealing order and order disclosure of the full transcripts. In Brown and Williams... Let me stop you right there for just a second. In as much as in reading all this material, it doesn't seem like anybody, including the Banner team, put computer models in that zone. Nobody has gone through these deposition transcripts with any specificity to decide whether there really is something in there that should be kept confidential, whether it's source information or a trade secret or whatever it is. So the only reason that I'm asking is nobody's looked at what's really in there to see if it should be sealed. Well, we think CoreCivic has looked through the deposition transcripts. Indeed, they file excerpts of the deposition transcripts in responding to the Banner's motion, and none of the information in those excerpts, as far as we can tell, is redacted, which really belies the notion that there would be any sort of sensitive lie by lie... So you're saying that because they didn't point out something that really does meet the requirements of shame, because they didn't do it, then they just sort of open it up. Is that basically it? Two points. First, that CoreCivic has a heavy burden to justify stealing. It has not met that burden here, and the reasons it has given for stealing the records are legally insufficient under this court's commanding sealing standards. It had multiple opportunities to justify stealing. They should not be given yet another bite of the apple. And also, in terms of why reversal and bordering disclosure is appropriate here rather than vacant or in remand, the district court considered every argument for stealing that CoreCivic put before it in responding to the Banner's motion, and the district court made findings and conclusions to justify its sealing decision, whereas here the district court erred against reasons for stealing. It has abused its discretion, and we think the proper timing is for disclosure in the end of life. That's a lot of words to say they had their choice, they didn't prove out theirs. That's correct. Oh, got it. Thank you. Just to build... Just to build real quick on that question, do you have any exigency on your end, you know, where it would matter if this was like 30 days or 60 days or whatever, in terms of when you would get access to the whatever? It's not truly... We don't have a 30-day or 60-day kind of time limitation. These records have remained under seal for a significant amount of time. We think that any additional time for them to be sealed is not warranted. I understand. But there's nothing, you know, you don't have some kind of a proven deadline of some kind? No. Okay, thank you. I appreciate sort of the... So you don't watch the case, and maybe it's going to get worked out. Some of the cases get worked out. Just more generally, in this case, I think an entire deposition transcript was filed with the court. Correct. And that's not always the way it happens, right? Sometimes it's more selective pages from depositions. And so you keep saying that the record and all these records were filed in the site. A couple things that struck me as odd. One, that the entire transcript was filed, which creates more risk then for the site that wants to protect them. That seems a little unusual to me. And two, if a judge decides to rely on 10 of them, 10 pages out of 500, let's say, from a deposition, your rule is the entire deposition transcript has to be disclosed publicly? Well, so to take the both of those... First question first, or second question first? So here, the district court stated that it found the filing of full transcripts to be frequently helpful, which suggests that even though the district court opinion may not have cited the entire... I mean, yes, I hear you. The second... It's sort of more information, more helpful, but we don't know which parts. These have to be judicial records, right? Typically, that would be something they relied upon by the judge. Well, we think that for this to be a court record, the line between the discovery and adjudicated case is when the parties placed the material into the court record. That happened when they filed the full transcript. In addition, if you look at... Did you use any relevancy requirements? We don't, so... No, we think that strong presumption attaches to all records, all court records, that is all records filed on behalf of... So it's totally in control of opposing parties. There's a little bit of gaugemanship concerns I have, which is... You want information to explode. In litigation, sometimes part of the victory is winning the case, sometimes part of the victory is getting information out to the public. Or one party wants to win the case, but they really want to avoid disclosure of lost information. And I appreciate there are... Some things do get exploded, but there's an opportunity for some gaugemanship here. And I worry a little bit about a rule that says if one party files an entire deposition transcript, the presumption is that all that will be disclosed, even if the judge really doesn't rely on much of it. Or if any of it is possible. We don't think there is anything in the record to support any gaugemanship here. One question we're a little bit concerned with. I mean, it's a little unusual having to file an entire transcript, so maybe that's wrong. Well, so, I mean, a person was the one who designated the entire transcript as confidential to begin with. And so parties had to... Claims were made to file the evidence. They had to file it under... But on your gaugemanship concern, just as the filing of the full transcript is of use to the court, then it is of use to the public in assessing the merits of the decision. The use of the court is just one straight line, which is generally fine and helpful. Well, so, for example, looking at the excerpts that were filed in response to the Banner's motion here, if you look at the excerpt of the testimony, it goes straight into what the witness was testifying. It doesn't provide background on who that person is, their role within the company, or context for the topic that the witness was testifying about. So just as that contextual background information is of use to the court, so too is it of use to the public. Moreover, to the extent that the full transcripts really were an act of gaugemanship, or they were purposely filed, or something like that, there are tools that the district court has at its disposal to deal with those issues, to strike purposely filed material, for example, by using a sanctions authority or something like that. But there is no indication that there is anything like that here. Is your presumptive rule that an entire transcript is filed and cited at least once? The entire transcript is presumptive of the bill? The strong presumption applies, and that it is up to CoreCivic as the party seeking the seal to come up with a compelling reason justifying the sealing. If CoreCivic had been able to come up with a compelling justification, that would be one thing, but the reasons that are given here are not sufficient under this court's standards. I mean, they potentially could have sought some kind of... If they thought there was sort of... If the party thinks that there's gamesmanship, and sort of over-finalized the screening, and they appeared as if they were secretly from the district court... I mean, Schanger dealt with an instance where it was nothing like that, but if a district judge... It would be a different case. Would you agree it would be a different case if the district court had reason to believe that the party was doing these filings with some kind of equilibrium effect, and then the court could potentially sort of rewind to the freezing? Like, you can quote it in the line, it's not a lot of precedent, but once it enters the record, you're at a protective order, fair and square, and now you have to delete the sealing standard. So maybe the court's back about they thought there was gamesmanship. That's exactly right, and that's what I was referring to, and the district court has tools at its disposal to be able to deal with material that is previously filed, when there's no reason. But that's not what they have here. Okay. Well, thank you. We'll hear... We'll hear from you next session. Thank you. Thank you. And please, before training you with what we're having today, as you can see, I'm going to have to get ready for a sitting. I'm going to touch on the questions that came up at the beginning, especially on that. You raised there, and to do so, if I can briefly give a little bit of context here. I think, first, that we agree, as Shane Brooks says on page 305, that the public has an interest in how to change the evidence and records in this report, and this court has relied upon to do this analysis, and I think Judge Carver did that here in a very difficult set of circumstances. Is there, I mean... Okay, I'll just let you go. I mean, where is it that I'm not aware of the questions that you can answer one by one. Yes. So, just contextually, there were over 3.7 million pages of documents produced in this case, dozens of depositions, and the parties filed over 1,000 documents. 82 of those remain under seal. Did you think there was any gamesmanship yourself? I mean, in what was being filed? I mean, for the purposes we're talking about, to terrorize or pressure you, or whatever? So, leading up to summary judgment and Dalbert motions, and one other set of motions, the parties had only filed excerpts, and CoreCivic and the BOP only filed excerpts. Our opponent filed 19 full transcripts, over 4,000 pages of transcripts. The court and the parties cited roughly 500 pages of those. Those are totally unsealed. Under local rule 503B, Middle Tennessee District Court, when those 19 transcripts, 4,000 pages, were filed under seal, CoreCivic and the BOP had 14 days to justify the sealing of those transcripts, and as you know, we had to do so on a line-by-line basis. At the same time, the court and the parties were dealing with, we were weeks in the weeks leading up to trial, litigating the case, and to devote the enormous amount of resources on a line-by-line basis to do that in 14 days is overwhelmingly prejudicial to both the court and, I would suggest, the parties. Did you ask for an extension of that time? We did not. CoreCivic did not and the BOP did not. Rather, in the motion that was focused on the documents that were filed under seal, which included the transcripts, the parties asked that the court allow them, or I'm sorry, CoreCivic asked that the court allow CoreCivic to deal with that on a line-by-line basis with respect to the materials that were cited. What I'm having trouble figuring out is you both seem to agree that there's a presumption that the documents are going to be made public, which just establishes whose burden it is to go forward, right? You both agree with that? Well, our position, I think, is perhaps slightly different. You're questioning our case law that says there's a presumption? I think there is a presumption for the materials that as the court says in Brown and Williamson that the evidence and records that the district court and the court have relied upon in reaching the decisions. But we're very precise in Shane, and if I recall we're quoting Frank Easterbrook from the Seventh Circuit. We said the boundary between protective order and when you need a seal is when somebody enters it into the judicial record with the point being that at that point it's not you and opposing counsel just sharing stuff. At this point it's potentially a basis for a court decision, and the public is entitled to know what courts are looking at when they make a decision including what courts omit to cite. To build on Judge McKeague's point, that's as clear as day in Shane. Brown and Williamson is 30 years before Shane grew. Before you even answer, it didn't dawn on me that you would question whether the presumption that our case law establishes actually applies. So I want you to just assume that there is a presumption. Now we go to these documents. We're not talking about the judge having to go line by line on 3.7 million pages of documents. We're not talking about going line by line on every one of these depositions. We're simply talking about the judge then having to look at those sections of the documents that you say, for whatever reason, should be held confidential. And just to illustrate for you where I'm coming from, I had one of my law clerks just pick out one of the expert depositions, this was a BOP employee, just at random. And we look through that. And basically the first hundred pages of that deposition just deal with who the BOP employee is, what he or she's job was, and what their involvement in all of this had been without asking them to disclose any conclusions or findings or anything. That's the first hundred pages. So just to start with that example, what would be the possible reason to continue to keep that under seal? I don't know that there is a reason to keep that under seal. So then it should be opened up. Well, my point perhaps is slightly different, and that is under the scenario here, we're, by drawing a bright line that says, if anyone files something on the court docket, it is subject to public review. That requirement, We're not talking about that bright line. What we're talking about is, did you meet the presumption that I'm asking you to assume exists here to demonstrate to the court, and now to us, why many, many, many pages of this stuff don't seem to fit under any recognized criteria to keep it being confidential. But for reasons that I just don't understand, you chose not to do that. Anywhere in this case from what I can tell. Well, we unsealed thousands and thousands of pages of documents that were cited by the parties in the court. When a party files, or anyone files a complete deposition transcript and cites to some small number of pages, I think that the remainder of that deposition transcript that's not relied upon by the court, that's not relied upon by the parties, is akin to discovery material. You're not answering the question with all due respect. The question is, why have you not undertaken what our case law clearly seems to be, the line-by-line or section-by-section or whatever you want to call it, analysis, to tell us why big chunks of these documents that don't seem to fall in any of the recognized categories to keep it confidential? Why that should stay confidential? In the context of the litigation, the underlying litigation, or as we sit here today? We're not trial judges. We're talking about as we sit here today on the Court of Appeals. At the time, we unsealed the portions of the depositions that were cited by the parties and the court. That's the no-brainer part. You want to get credit because you agreed to release something that clearly was going to be released so therefore nothing else should be released. I'm just trying to understand that  Your Honor, I suppose this goes back to what the court decides to do here. If the result is that we need to go line by line back through the remainder of the deposition transcripts, then that's what we would ask the court to remand and have us do. I do want to note that the vast majority of the documents that are sealed were sealed at the request of the BOP. So to that point, if the court is inclined to remand this back to Judge Trauger, I would ask the court not to unseal everything here to give us and perhaps, I can't speak for the BOP, time to look through those documents. I thought they abandoned a lot of their claim of source information or privilege source selection source selection information They abandoned their claim of their request to keep that sealed. That stuff can be sorted out. To be honest, look, I understand you got a dump truck sort of backed up with all these debt transcripts. At the same time, we already had this appeal basically in Shane Group. And here we are. And we have other cases. It just seems like everyone concerned took Shane Group and their precedence after Shane Group as a suggestion that they then chose not to follow. Here we are. Your case presents a different angle in the sense of the quantity and it was the other party, not you, putting this stuff in. The party that's not so concerned about disclosure is the one that's putting it in. That's a fair point. But respectfully, that should have been litigated and addressed then rather than just not follow the precedent. To that point, Your Honor, on asking for an extension or as Ms. Luce cited, a motion to strike, pursuant to the Reed v. City of Memphis case, page 197, a court may only strike a pleading. I don't know that Judge Trauger had the right to strike the transcripts, which means, of course, they're still in the record and it still puts this amazing burden on parties, particularly on the eve of trial, to comb through thousands and thousands of pages of what I would suggest is irrelevant material for legitimate confidentiality. I will say, I just can't resist. One participant that actually loves full transcripts is appellate counsel. I had an appeal in that very court where I found some great testimony in the plaintiff's step transcript and I cited it and filed a brief in this court. Then I got a phone call from my opposing counsel saying you got to amend your brief and take it out because he filed an excerpt in the district court and it's not part of the excerpt of the plaintiff's deposition. Sometimes it's awfully nice for everybody to have the full transcript, but I understand you had a lot coming at you here. I still don't understand, though, and I'm sorry if it sounds like I'm picking on you, but after this is all done, it's all settled, then this question about unsealing came up. That's the time, unless I'm missing something, where it was your obligation to go through this stuff if you wanted to maintain it under seal, not preparing for trial or just before trial or during that period that you've been referring to, but for whatever reason, you chose not to do that. Now we're faced, if we think you violated, if the judge says, what do we do next? Ms. Liu basically says, well, you had your shot and so you shouldn't get another bite at the apple. Some appeal to that. You're saying you should get another shot, so just please tell us succinctly why you should get another shot. We should get another shot because our focus and working with the BOP at the time, their focus was on the materials that the parties in the court cited and were litigating, those portions of the transcript. I would respectfully request that if you're going to remand it back to Judge Trauger, that we have an opportunity and ask the BOP if they'd like an opportunity to deal with those materials that were not cited. Okay, thank you. Do you have a question? Please. I think we probably all think that the district judge got this wrong. The question is what to do about it. I think you could have handled it differently, but at some point also the district court erred. It'd be one thing if the district court said, I'm requiring these to be disclosed because you did nothing to try to seal them and it comes up to us, then you're in a really bad spot. You're not in quite such a bad position because maybe you could have made different choices, but the district court ultimately agreed with you. I think probably using the wrong analysis. I can definitely see a world where we send it back, but your suggestion is to send it back just to allow the BOP to... In other words, your client has no problem with disclosing what's there and it's just exclusively the BOP? I'm sorry, I must have misspoke. I meant for CoreCivic and the BOP. To be fair, we identified portions of the sealed transcripts that contain what we believe to be confidential material. I know from memory that portions of the sealed transcripts have discussions of what the BOP calls CPARS, their assessment reports, that the BOP claims and still claims are protected by statute, source selection information, and those are cited throughout the deposition, so we would have to go line by line and deal with that. It's probably not that hard. It's probably not that tedious. You're skimming. We've all read transcripts, right? Okay. Well, I would sort of reiterate the narrowness of the subject matter types that are subject to sealing. You had a concern about something like business reputation or something. I'm skeptical, just to be candid, that that is anywhere near what our court has said is a reason to conceal matters in the judicial record from the public. How much time do you think you would need on remand for a prompt resolution of whatever more focused request you might make? From CoreCivic's perspective, 60 days. Okay. I can't speak for the U.S. Attorney's Office to the extent that... That's all right. Don't worry about it. I really hope this case doesn't come back to us with a fight about some stuff that should not have been sealed. I'm good. I don't want to come back either. Thank you. I will say you had a bit of a novel situation and one I personally had not contemplated before. Don't worry about it. Well, you can worry a little, but it's okay. Thank you, guys. Thank you. Just briefly, first, the BOP has disclaimed any confidentiality interest in the deposition transcripts that are at issue here. In the BOP's response to the Banner's motion in the district court, it identified other records that it sought to assert sealing over based on source selection information, but it did not identify any of the transcripts here and stated it did not oppose the unsealing of any of the records that it had not identified in its memorandum. Mr. McGee can't speak on behalf of BOP. They're not here. He's just interested in the Correction Corporation's interests. But he does make the point, back to what you and I were talking about at the very beginning, that he didn't use these words, these are my words, that all the parties were kind of misled, arguably, by the district court's focus on things that are not relevant under our case law. So if everybody was proceeding down the wrong path, you want to hold that against them and say you had your choice, you lose. Where we're exploring whether, given this unusual circumstances, maybe we ought to just send it back with specific instructions as to what the district judge is supposed to be doing, and then she would send you all off to go do it. This court has stated that the party's reliance on the district court's granting of a seal is not a sufficient reason to justify sealing. CoreCivic has this court's precedents are clear that CoreCivic has the burden to justify its sealing, and the fact that the district court didn't hold them to that burden is why the district court erred, and as has been noted, as Mr. McGee noted, the information that you asked him about, there's no reason to keep that information under a seal, and so where the CoreCivic has not met its burden and has had multiple opportunities to justify its burden, we ask that this court order disclosure of the information at issue. Thank you. Very well. Thank you. Thank you both for your arguments and your time here this morning. The case will be submitted, and the clerk may call the next case.